Filed 3/6/24  P. v. Leslie CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BURGESS ALEXANDER LESLIE,<br><br>    Defendant and Appellant. | A168878<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-2015-82336-3) |

Burgess Alexander Leslie appealed after the trial court imposed a previously suspended prison sentence because he violated the terms of his probation.  His appellate attorney has asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  We find no arguable issues and affirm.

Leslie pleaded guilty in February 2019 to one count of felony assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and one count of misdemeanor marijuana cultivation (Health & Saf. Code, § 11358, subd. (c)) in connection with a confrontation between his girlfriend and another man in July 2015.  The trial court granted Leslie three years' probation with the condition that he serve 360 days in jail.

---

[1] All undesignated statutory references are to the Penal Code.

1

The probation department first accused Leslie of violating the terms of his probation in June 2019 by failing to surrender himself to the jail the previous month as ordered.  The trial court revoked probation pending a hearing.  Leslie was arrested in September 2020, and he was remanded to serve the time previously ordered.  He admitted the probation violation at a hearing in January 2021.  At the sentencing hearing in March 2021, the trial court imposed an aggravated term of four years, suspended imposition of sentence, and reinstated probation on the condition that Leslie complete a minimum six-month residential treatment program.

Leslie apparently left the residential-treatment program the same day he was admitted and, in August 2021, the probation department filed a petition alleging the violation of probation.  Leslie's whereabouts were unknown until he was arrested in July 2023.  Leslie later admitted to the allegations of the revocation petition, and the trial court permanently revoked Leslie's probation.

Because of changes to sentencing law enacted after Leslie was most recently placed on probation, the trial court elected to impose the midterm of three years for Leslie's assault conviction (§ 245, subd. (a)(4)), with a concurrent 180 days for his marijuana-cultivation conviction (Health & Saf. Code, § 11358, subd. (c)).  The court also imposed the minimum restitution fine (§ 1202.4, subd. (b)) plus a $300 probation-revocation fine (§ 1202.44), and it imposed but stayed a $300 parole-revocation fine (§ 1202.45).

Reviewing the record of Leslie's sentence and other matters occurring after Leslie's admission of probation violation that do not affect his sentence (Cal. Rules of Court, rule 8.304(b)(2)(B)), we find no arguable issues, as the sentence and fines and fees imposed were authorized.

The judgment is affirmed.

_____

Humes, P. J.

WE CONCUR:


_____

Banke, J.



_____

Langhorne Wilson, J.




*People v. Leslie*  A168878